UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GWENN WINKHAUS, *et al.*, | ) Case No. 1:25-cv-404 |
| ) | |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| ) | |
| v. | ) Magistrate Judge |
| ) Reuben J. Sheperd | |
| MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., LPA, *et al.*, | ) |
| ) | |
| Defendants. | ) |
| ) | |

# OPINION AND ORDER

On February 28, 2025, Plaintiffs filed suit alleging legal malpractice. After a preliminary exchange of documents, the Court determined that expert reports, based on the record at that time, would inform the parties of their respective positions and efficiently advance the case toward resolution. (ECF No. 22.) But during preparation of the preliminary expert reports, Plaintiffs sought multiple extensions of time to complete and exchange the reports. (ECF No. 24; ECF No. 26; ECF No. 27.) Defendants consented to the first extension (ECF No. 25) but not the second (ECF No. 28).

On January 12, 2026, the Court held a status conference on the record by Zoom to discuss the opposed motion for extension of time to exchange preliminary expert reports. For the reasons stated on the record, the Court **DENIED** plaintiff's motion for an extension of the deadline. (ECF No. 27.) Then, Plaintiff made an oral motion to dismiss the case without prejudice under the applicable provision of Rule 41, which

Defendants did not oppose. The Court **GRANTED** Plaintiffs' motion and indicated that it would issue a separate written order memorializing its reasoning, which it does in this ruling. (ECF No. 29.) For the following reasons, the Court **DISMISSES** this matter **WITHOUT PREJUDICE**.

After a defendant has filed an answer, as here, or motion for summary judgment, a plaintiff may obtain a voluntary dismissal "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This type of dismissal is generally without prejudice. *Id.* Requiring court approval "protect[s] the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

Whether to grant dismissal rests "within the sound discretion of the district court." *Id.* (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and quotation omitted). To determine whether a defendant will suffer plain legal prejudice, a court considers factors such as: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v.*

2

*Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)). On the record presented, these factors and the interests of justice favor dismissal without prejudice.

*First*, the effort and expense of preparation for trial weighs in favor of dismissal without prejudice. From the standpoint of discovery and pretrial workup, this case remains in the preliminary stages, and the parties have only conducted limited discovery. The parties have exchanged documents and engaged experts to offer preliminary opinions to advance this case toward resolution. Because of this case's complex issues and the fact that multiple tax professionals could come to different conclusions using different methods to arrive at those conclusions, all efforts by the parties to date have been in an effort to support their respective positions.

*Second*, Plaintiffs have unreasonably delayed the prosecution of this action. Plaintiffs received hundreds of pages of documents from Defendants before this action was filed and in the early exchange of documents but have made minimal progress in providing expert support for their claims and positions. Yet Plaintiffs have known since the case management conference in June 2025 that because of the complex issues in this case expert opinions would be necessary. Under these circumstances, dismissal *with* prejudice is favored.

*Third*, Plaintiffs claim that they need additional time to work with their expert to complete a preliminary report to support their position and claims. As Plaintiff indicated, they will continue to work with their expert to complete the preliminary report and will share it with Defendants even though the case will be dismissed.

Doing so will allow the parties to continue to make progress toward resolution without Court involvement or pending deadlines. These circumstances support dismissal without prejudice.

*Fourth*, no party has yet moved for summary judgment. Although the record is fairly substantial already, the parties have not yet tested their respective positions in discovery. Overall, the status of the proceedings favors dismissal without prejudice.

\* \* \*

On balance, these factors favor dismissal without prejudice, consistent with the presumption in Rule 41(a)(2) of dismissal without prejudice. Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: January 14, 2026

J. Philip Calabrese<br>
United States District Judge<br>
Northern District of Ohio

4